**Valerie SHIELDS; Douglas Shields, Plaintiffs—Appellants,**

v.

**PLACER COUNTY; Kelly Gray, Deputy Sheriff, Defendants— Appellees.**

No. 00–17106.

D.C. No. CV–99–00025–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2001.*

Decided Dec. 21, 2001.

---

* This panel unanimously finds this case suit-

able for decision without oral argument. See

Before BRUNETTI, KLEINFELD, and THOMAS, Circuit Judges.

MEMORANDUM **

Valerie and Douglas Shields appeal the district court's entry of summary judgment on their 42 U.S.C. § 1983 claim for excessive force against Deputy Sheriff Gray ("Gray") and Placer County. We affirm. Because the facts and the procedural history are familiar to the parties, we recount them here only to the extent necessary to explain our rationale.

■■■■ Under the Fourth Amendment, police may use only such force as is objectively reasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "Excessive force claims ... are evaluated for objective reasonableness based upon the information the officer had when the conduct occurred." *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 2159, 150 L.Ed.2d 272 (2001). The determination of whether force used is excessive or reasonable requires a "balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

countervailing governmental interests at stake." *Graham,* 490 U.S. at 396 (quoting *Tennessee v. Garner,* 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) (internal marks omitted)). The most important single factor is whether the individual poses an immediate threat to the safety of the officers or others. *Chew v. Gates,* 27 F.3d 1432, 1441 (9th Cir.1994).

Here, there were significant governmental interests that could lead an objectively reasonable officer in the same situation to believe the force used in detaining Valerie Shields ("Shields") was justified. Gray had good reason to worry that Shields' impermissible entrance into a marked off crime scene would create a grave risk of harm to himself, Shields, and possibly the concealed deputies outside her armed father's house.

Thus, the injuries inflicted on Shields, though regrettable and unfortunate, do not amount to excessive force under the Fourth Amendment. Because Gray's actions were objectively reasonable in light of his knowledge at the time of the incident, we affirm the district court's entry of summary judgment against the Shields.

**AFFIRMED.**